UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL NO. 15-cr-20571

                                          HON. DAVID M. LAWSON

D-1 GEORGE WILLIAM HARRIS, JR.

        Defendants.
_____/

**STIPULATION FOR A PROTECTIVE ORDER REGARDING
PRODUCTION OF TAX, FINANCIAL, AND/OR BANKING
RECORDS AND PERSONAL IDENTIFICATION INFORMATION**

        **IT IS HEREBY STIPULATED AND AGREED** by and between the United States of America and the defendant, through their respective counsel of record, as follows:

        The government will provide to the defense discovery in this matter including tax information and records, banking and financial information and records, and other documents and information gathered in the course of the investigation containing personal identification information of third parties ("Protected Information"), which may include, but is not limited to: social security numbers, birth dates, telephone numbers, addresses, and financial information (such as income, assets, and account numbers).

        Individual redaction of such Protected Information would be impractical and time-consuming prior to production as discovery. The parties understand that such Protected Information, as contained in the discovery, should be protected from use and disclosure beyond what is reasonably necessary for the effective defense of this matter.

1

THEREFORE, the parties stipulate and agree to the following:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This order pertains to all discovery provided to or made available to defense counsel as part of discovery in this matter.

3. By signing this Stipulation and Protective Order, defense counsel agrees not to share any documents that contain Protected Information with anyone other than defense counsel, designated defense investigators, support staff, or any other individuals necessary for assisting defense in the preparation and trial of this matter. Defense counsel may permit the defendant to view unredacted documents. The defendant, however, must not retain a copy of unredacted documents and must return such documents to defense counsel upon completion of his/her review the documents. The parties agree that defense counsel, defense investigators, and support staff shall not allow the defendant to copy and/or retain Protected Information contained in the discovery.

4. The discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense counsel will return the electronic discovery to the Government at the conclusion of this case and make reasonable efforts to permanently delete any copies from their computer systems. Defense counsel may, in lieu of returning the electronic discovery to the Government at the conclusion of the case, destroy the electronic discovery by shredding the media on

which it was furnished such that the data may never be accessed, and certify to the government, in writing, that the evidence has been so destroyed. If any defense counsel, defense investigator, or support staff has produced hard copies of the discovery, the hard copies shall be shredded. Within 90 days following the conclusion of the litigation in this matter, defense counsel shall certify in writing to counsel for the United States that all of the discovery documents have been returned, destroyed and/or shredded.

     5.     In the event the defense seeks utilization of the discovery material in any court filing, at trial or in another hearing in this matter, any Protected Information must be redacted from the discovery prior to its use. Any filings shall be filed in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the Eastern District of Michigan.

     6.     Defense counsel shall be responsible for advising his respective defendant, employees, and other members of the defense team of the contents of this Stipulation and Protective Order. Any unauthorized disclosure may constitute a violation of this Court's order.

     7.     In the event that the defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this order.

| BARBARA L. McQUADE<br>United States Attorney<br>s/CRAIG A. WEIER (P33261)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI   48226<br>E-Mail: craig.weier@usdoj.gov | s/DENNIS J. CLARK (P41557)<br>Attorney for George William Harris, Jr.<br>615 Griswold Street, Suite 701<br>Detroit, MI   48226<br>Phone: (313) 962-2233<br>E-Mail: djclarklaw@gmail.com |
|---|---|